In re ACE ELECTRICAL ACQUI-
SITION, LLC d/b/a Ace Elec-
tric Debtor.

No. 6:04–BK–03224–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 3, 2005.

Elizabeth A. Green, R. Scott Shuker, Wendy Cramer Townsend, Gronek & Latham, LLP, Orlando, FL, for debtor in possession.

Elena L. Escamilla, Orlando, FL, Miriam G. Suarez, Orlando, FL, United States Trustee

Kevin E. Mangum, Mangum & Associates PA, Casselberry, FL, for Official Committee of Unsecured Creditors.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on the Motion for Summary Judgment Allowing Unsecured Claim of Central Bank and Trust Co., Hutchinson, Kansas, as Indenture Trustee ("Motion") (Doc. 290), the Amended Proof of Claim filed by Central Bank & Trust

Co., Hutchinson, Kansas, as Indenture Trustee (Claim no. 118), and Debtor's response to Central Bank & Trust Co., Hutchinson, Kansas, as Indenture Trustee Motion for Summary Judgment and Cross Motion for Summary Judgment on Debtor's Objection to Allowance of Amended Claim No.118 of Central Bank & Trust Co., Hutchinson, Kansas (Doc.311). The following Findings of Fact and Conclusions of Law are made after reviewing the evidence.

## FINDINGS OF FACT

Central Bank and Trust Co., Hutchinson, Kansas, as Indenture Trustee ("Indenture Trustee") acts as indenture trustee for (a) the City of Columbus, Kansas Industrial Revenue Bonds, Series 1997 (Ace Electrical Acquisition, L.L.C. Project), in the original principal amount of $4,500,000, and (b) the City of Columbus, Kansas Industrial Revenue Bonds, Series 1998 (Ace Electrical Acquisition, LLC), in the original principal amount of $3,500,000 (collectively "Bonds").

The Bonds were issued pursuant to a Trust Indenture dated December 1, 1997 between the City of Columbus, Kansas ("Issuer") and the Indenture Trustee, and a Supplemental Trust Indenture dated August 1, 1998 between the Issuer and the Indenture Trustee (collectively "Indenture").[1] The Bonds are secured by (i) a Guaranty Agreement by the Debtor in favor of the Indenture Trustee dated December 1, 1997, and (ii) a Guaranty Agreement by the Debtor in favor of the Indenture Trustee dated August 1, 1998 (collectively "Guarantees").[2]

The Issuer used the proceeds of the Bonds to acquire a manufacturing facility in Columbus, Kansas ("Project"). The Is-

suer leased the Project to the Debtor pursuant to a Tenant Lease dated December 1, 1997 between the Issuer and Ace Electrical Acquisition, LLC, as supplemented by a Tenant Supplemental Lease No.1 dated August 1, 1998 between the same parties (collectively "Lease").[3]

The project was leased to the Debtor for the amount due under the industrial revenue bonds. The Issuer assigned substantially all of its rights as lessor under the lease to the Indenture Trustee. The lease runs through 2017. Debtor could purchase the project for $100 upon payment of the amount due under the lease, the exact amount due under the industrial revenue bonds. The guarantee of the industrial revenue bonds is in fact a guarantee of the lease.

The Bonds remained outstanding as of the petition date in the principal amount of $6,485,000 (consisting of $3,580,000 in Series 1997 Bonds and $2,905,000 in Series 1998 Bonds), plus $104,798 in accrued interest and costs, for a total of $6,589,798. The Court entered an order on September 22, 2004 authorizing the Debtor to reject the Lease ("Order") (Doc. 190). The Indentured Trustee filed an Amended Proof of Claim (claim no. 118) for its claims under the Lease and the Guarantees in the amount of $3,488,495.

## CONCLUSIONS OF LAW

The Indenture Trustee is limited by the provisions of 11 U.S.C. § 502(b)(6). A claim of a lessor for damages resulting from the termination of a lease of real property shall not be allowed to the extent such claim exceeds the rent reserved by such lease, without acceleration, for the greater of one year, or 15

---

1. Exhibit A submitted by Indenture Trustee.

2. Exhibit C submitted by Indenture Trustee.

3. Exhibit B submitted by Indenture Trustee.

percent, not to exceed three years, of the remaining term of such lease.... 11 U.S.C. § 502(b)(6).

The rationale is to compensate the landlord while providing for the unsecured creditors.[4] The limitation set forth in 11 U.S.C. § 502(b)(6)(A) applies to claims against guarantors of leases.[5] The obligation of the guarantor cannot be greater than the obligation of the principal obligor.[6]

■ Debtor is in fact a guarantor of a lease. The real property leased by the Debtor was built from the proceeds of the industrial revenue bonds (IDR's). An IDR is issued by a municipality to attract industry to the municipality.[7] The issuing authority applies the bond proceeds to the construction of a plant site, which it then leases to a private firm.[8] The rental payments made by the private firm are used to repay the bonds; the IDR bondholder's only recourse for payment of the bonds is the revenue derived from the rental payments.[9] The Debtor's guarantee of the bonds is in fact a guarantee of the lease. The limitation of 11 U.S.C. § 502(b)(6)(A) applies to the Debtor.

■ The 15 percent limitation of 11 U.S.C. 502(b)(6) speaks in terms of time, not in terms of rent: "the rent reserved, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease." Grammatically, the "greater of" phrase contemplates two time periods, one

year and 15 percent of the remaining term.[10] But the latter period (15 percent of the remaining term) is further limited to three years, so that if the remaining lease term exceeds 20 years, the allowable damage claim will not increase since 15 percent of 20 years is three years.[11]

The remaining lease term, measured from the petition date, is 13 years, 8 months, and 8 days. Fifteen percent of the remaining lease term is 2.0533 years. This period is greater than one year, but less than three years. The claim of the Indenture Trustee is limited, pursuant to 11 U.S.C. 502(b)(6), to the rent reserved for 15% of the remaining Lease term or 2.0533 years. The rent due for the period of 2.0533 years is $1,581,104.08.[12] The Indenture Trustee is permitted to add $265,652.52 of unpaid pre-petition rent pursuant to 11 U.S.C. 502(b)(6)(B). The aggregate limit authorized by 11 U.S.C. 502(b)(6) is $1,846,756.60.

The Indenture Trustee's damages of $3,488,495 exceeds the limit authorized by 11 U.S.C. 502(b)(6). The lease rejection claim filed by the Indenture Trustee is limited to $1,846,756.60. Therefore, it is

**ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment Allowing Unsecured Claim No. 118 of Central Bank and Trust Co., Hutchinson, Kansas, as Indenture Trustee for $3,488,495 (Doc. 290) is **DENIED** in part; it is further

4. *In re Clements*, 185 B.R. 895, 901 (M.D.Fla. 1995).

5. *In re Henderson*, 297 B.R. 875, 885 (Bankr. M.D.Fla.2003); *In re Clements*, 185 B.R. 895.

6. *In re Henderson*, 297 B.R. at 885.

7. *Bradford Sec. v. County Fed. Sav. & Loan*, 474 F.Supp. 957, 959 (1979).

8. *Id.*

9. *Id.*

10. 11 U.S.C. § 502(b)(6); *Collier on Bankruptcy*, 15th Ed. Revised ¶ 502.03[7][c].

11. *Id.*

12. Exhibit E submitted by Indenture Trustee.

**ORDERED, ADJUDGED AND DE-CREED** that the Debtor's Objection to Allowance of Amended Claim No.118 of Central Bank & Trust Co., Hutchinson, Kansas, as Indenture Trustee for $3,488,495 (Doc.311) is **SUSTAINED**; it is further

**ORDERED, ADJUDGED AND DE-CREED** that the Amended Claim No.118 of Central Bank & Trust Co., Hutchinson, Kansas, as Indenture Trustee is **AL-LOWED** in the amount of $1,846,756.60.